IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| IN-CUSTODY INTERNATIONAL CORPORATION, a Nebraska corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:07CV176 |
| v. | ) ) | |
| WILLIAM D. TAPER, TAPER INTERNATIONAL and GARY S. FROST, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on plaintiff's motion to remand (Filing No. 7), defendant's reply brief in opposition to plaintiff's motion to remand (Filing No. 11) and defendant's supporting index of evidence (Filing No. 12).

**Background**

Plaintiff initially brought this action in the District Court of Douglas County, Nebraska. The complaint states that Donald and William Clark ("the Clarks") developed operating and locking mechanisms for handcuffs. The Clarks contacted a company in order to market their handcuff designs and talked to William D. Taper ("Taper") regarding this matter. Before extensively discussing the designs, the Clarks insisted that Taper sign a confidentiality agreement. Taper signed and returned this agreement. The Clarks and Taper then formed In-Custody International Corporation ("In-Custody"), which they incorporated

in Nebraska.  The complaint further alleged all three individuals were equal shareholders and elected as directors and officers of In-Custody.

Defendants Taper and Taper International ("Taper, Int'l.") removed the action to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1446(a).  Subject matter jurisdiction is claimed proper on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Plaintiff then filed a motion to remand pursuant to 28 U.S.C. § 447(c).  Plaintiff claims that this Court does not have subject matter jurisdiction over this action because the amount in controversy does not exceed the sum of $75,000 as required by 28 U.S.C. § 1332.

**Discussion**

Title 28, U.S.C. § 1446 allows a defendant to remove actions to the district court of the district in which the action is pending.  The defendant must state the grounds for removal and include all process, pleadings and orders that defendant has received.  In this case, defendants seek removal based on diversity jurisdiction granted in 28 U.S.C. § 1332.  Section 1332 requires that the amount in controversy must exceed $75,000 and that a diversity of citizenship must exist between the parties to the action.  Defendants do not challenge the complete diversity

of the parties but do challenge whether the amount in controversy is sufficient to meet the requirement of § 1332.

The Eighth Circuit Court of Appeals has established that in cases when the plaintiff does not state a specific amount of damages, a removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds $75,000.  *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 835 (8th Cir. 2003)(citations omitted).  It must appear to a legal certainty that the amount in controversy does not exceed $75,000 in order for the court to remand the case.  *Id*.

In *In re Minnesota Mut.*, the Court found a post-complaint letter from the plaintiff to the defendant demanding more than $75,000 in damages sufficient to establish that the jurisdictional minimum was met. *Id*.  This case is similar.  Here, Taper provides, in the index of evidence, a pre-complaint letter sent in 2001 from the Clarks' attorney offering to sell the "entire right and interest" of the design to Taper for $300,000 (Filing No. 12).  While this letter was sent nearly six years ago and specifies that the offer is made for discussion purposes only, these facts do not show to a legal certainty that the amount in controversy could not exceed $75,000.  Instead, the Court finds the 2001 letter seeking $300,000 from Taper in exchange for all of the Clarks' rights and interests in the design is sufficient to show that, by a preponderance of the

-3-

evidence, the amount in controversy could legally satisfy the jurisdictional minimum of $75,000.  Accordingly,

IT IS ORDERED that plaintiff's motion to remand (Filing No. 7) is denied.

DATED this 18th day of July, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

-4-