IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN-CUSTODY INTERNATIONAL CORPORATION, a Nebraska corporation, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV176 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM D. TAPER, TAPER INTERNATIONAL and GARY S. FROST, | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on defendant Taper International's motion to dismiss (Filing No. 17) pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and plaintiff's motion to continue (Filing No. 26). Taper International asserts that the complaint must be dismissed under 12(b)(6) because the complaint fails to assert any cause of action against it.

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). The issue in resolving a motion to dismiss is whether the plaintiffs are entitled to offer evidence in support of their claim, not whether they will ultimately prevail. *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989). In viewing the facts

in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979). "A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974) (citing *Jenkins*, 395 U.S. at 421-22).

Taper International is only identified in the caption of the complaint and then mentioned in a single paragraph of the first cause of action where it is alleged that "upon information and belief, Taper International is merely the alter ego of [Mr.] Taper and a vehicle used solely to advance his [Mr. Taper's] personal interests."[1] (Complaint, ¶ 16). There is no claim that Taper International was involved in any way in the claims made by

---

[1] The Court questions whether or not the Court possesses personal jurisdiction over Taper International. The only basis upon which personal jurisdiction is alleged to be present is under an "alter ego" theory. The Court finds this theory, under the facts alleged in the complaint, as an insufficient basis upon which to obtain personal jurisdiction over Taper International. Since Taper International is dismissed from this action under 12(b)(6), the Court finds that it is unnecessary to make a formal determination as to whether or not the Court possesses personal jurisdiction over Taper International.

-2-

plaintiff in the three causes of action.  Since no viable claim has been alleged against Taper International, it follows that plaintiff can prove no set of facts as to Taper International that would entitle the plaintiff to relief.  Therefore, Taper International's 12(b)(6) motion to dismiss will be granted.  Accordingly,

IT IS ORDERED:

1)  Defendant Taper International's motion to dismiss (Filing No. 17) is granted.  Taper International is dismissed from this action.

2)  Plaintiff's motion to continue (Filing No. 26) is denied as moot.

DATED this 19th day of July, 2007.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court