FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
07 SEP 13 AM 11: 52
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN-CUSTODY INTERNATIONAL CORPORATION, a Nebraska corporation, | ) ) ) ) | Case No. 8:07-cv-00176-LES-FG3 |
| Plaintiff, | ) ) ) | |
| Vs. | ) ) | GARY S. FROST'S MOTION TO DISMISS |
| WILLIAM D. TAPER and GARY S. FROST, | ) ) ) | |
| Defendants. | ) ) ) | |

## MOTION

I, Gary S. Frost (later referred to as "I," "me," or "Frost"), hereby make this motion for an order dismissing the case against me for the following reasons found in Rule 12(b) of the Nebraska Rules of Pleading in Civil Actions and Rule 12(b) of the Federal Rules of Civil Procedure: (1) lack of jurisdiction over the person, (2) improper venue, and (3) failure to join a necessary party. With this motion, I am filing the AFFIDAVIT OF GARY S. FROST (later referred to as "Frost Affidavit") which contains facts supporting my motion.

## INTRODUCTION

On September 1, 2007, I received the Notice of Removal related to this lawsuit. Frost Affidavit paragraph 32. I am filing this motion to dismiss the lawsuit against me, because the United States District Court for the District of Nebraska does not have jurisdiction over me under the laws of Nebraska or the laws of the United States of America.

1

In addition to this, if the court decides that it does have jurisdiction over me, I would like to raise the following issues that are found in Rule 12(b) of the Nebraska Rules of Pleading in Civil Actions and Rule 12(b) of the Federal Rules of Civil Procedure. First, I believe that venue is improper in Nebraska and would only be proper in Southern California. Second, because the complaint does not name TPR & Associates, Inc. as a defendant, I believe that the plaintiff failed to join a necessary party. For these additional reasons, I am filing this motion to dismiss the lawsuit against me.

## FROST'S UNDERSTANDING OF THE LAW REGARDING JURISDICTION OVER THE PERSON

According to the document titled ORDER, KRAFTWARE, INC. v. SKINIVAS KUTHRU, INDU MANDADI and INFORBUILDERS, INC., 8:00CV620, IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA (found on the internet at http:// www.nebar.com/pdfs/DCOpinPDFs/8-00cv620.pdf ), "The Nebraska long-arm statute provides as follows: A court may exercise personal jurisdiction over a person:

(1) Who acts directly or by an agent, as to the cause of action arising from the person;
    (a) Transacting business in this state;
    (b) Contracting to supply services or things in this state;
    (c) Causing tortuous injury by an act or omission in this state;
    (d) Causing tortuous injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
    (e) Having an interest in, using, or possessing real estate in this state;
    (f) Contracting to ensure any person, property, or risk located within this state at the time of contracting; or
(2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.
Neb. Rev. Stat. Ann. § 5-536 (Michie 1995)."

According to OPINION OF THE NEBRASKA COURT OF APPEALS, <u>Case Title</u> Applied Underwriters, Inc. A Nebraska Corporation, Appellant, v. Employer Outsource Service, Inc., An Illinois Corporation, Appellee, <u>Case Caption</u> Applied Underwriters v. Employer Outsource Serv., <u>Filed May 22, 2007, No. A-05-898</u> (found at http://www.supremecourt.ne.gov/opinions/2007/may/may22/a05-898.pdf ), "Before a court can exercise personal jurisdiction over a nonresident defendant, the court must determine, first, whether the long-arm statute is satisfied and, if the long-arm statute is satisfied, second, whether minimum contacts exist between the defendant and the forum state for personal jurisdiction over the defendant without offending due process." According to the same document, "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction."

## APPLICATION OF THE LAW TO FROST

As shown in the Frost Affidavit, I do not meet any of the conditions of the Nebraska long-arm statute. See Frost Affidavit paragraphs 6 - 31. Additionally, I do not have minimum contacts with Nebraska.

I do not transact business in Nebraska, so I do not meet part (1)(a) of the long arm statute. Frost Affidavit paragraph 12. In fact, I do not recall ever having transacted business in Nebraska. Frost Affidavit paragraph 13.

I do not contract to supply services or things in Nebraska, so I do not meet part (1)(b) of the long arm statute. Frost Affidavit paragraph 14. The only contract that I can recall signing related to Defendant William D. Taper (or any of the plaintiff or defendants in this lawsuit) is a contract with TPR & Associates, Inc., a California corporation. Frost

3

Affidavit paragraph 16. This contract is attached to the Frost Affidavit as exhibit 1. When I signed this contract with TPR & Associates, Inc., both TPR & Associates, Inc. and I were in California. Frost Affidavit paragraph 16 and exhibit 1. Under the contract, I was doing work in California as an independent contractor for a California corporation. Frost Affidavit paragraph 16. I sent my invoices to a California address. Copies of my invoices are attached to the Frost Affidavit as exhibit 2. As part of my contract with TPR & Associates, I was required to assign the intellectual property I developed to TPR & Associates or its representatives. Frost Affidavit exhibit 1 at section D. Because of this, when William Taper told me that he was filing a patent application based on my work for TPR & Associates, I assigned my rights in the patent application to William Taper, the representative of TPR & Associates. Frost Affidavit paragraph 17. The assignment document is attached to the Frost Affidavit as exhibit 3. According to my understanding, I was working in California to supply services to a California corporation owned by William Taper. Frost Affidavit paragraph 16.

According to paragraph 1 of the Complaint, In-Custody International Corporation states, "Frost was previously employed by In-Custody as an independent contractor under a contract executed in Douglas County, Nebraska." According to paragraph 7 of the Complaint, In-Custody International Corporation states, "In July of 2000 In-Custody entered into an independent contractor agreement with Frost to perform consulting work. Said agreement provided that all intellectual property of Frost's efforts on behalf of In-Custody were the property of In-Custody." I do not have any recollection of ever signing a contract with In-Custody. Frost Affidavit paragraph 18. After receiving the Complaint, I spoke by telephone with Thomas J. Young, the attorney for In-Custody, and told him

4

that I do not remember signing any agreement with In-Custody and that I do not have any records of any such contract. Frost Affidavit paragraph 19. I sent two emails to Mr. Young and asked him to send me a copy of any contracts or agreements between me and In-Custody. Frost Affidavit paragraph 20 and exhibit 4 and exhibit 5. Copies of the emails are attached to the Frost Affidavit as exhibit 4 and exhibit 5. However, Mr. Young never sent any contracts or agreements between In-Custody and me. Frost Affidavit paragraph 21. Additionally, I do not remember ever sending invoices to In-Custody. Frost Affidavit paragraphs 18 – 22. I searched my files for documents related to In-Custody and did not find any records or invoices referencing In-Custody. Frost Affidavit paragraph 19. Because of this, I don't think that I ever did any work for In-Custody.

I have not caused tortuous injury by an act or omission in Nebraska, so I do not meet part (1)(c) of the long arm statute. Frost Affidavit paragraph 23. In fact, I have never been to the state of Nebraska. Frost Affidavit paragraphs 6, 8, 9, 11, 23.

I have not done or solicited business, engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in Nebraska, so I do not meet part (1)(d) of the long arm statute. Frost Affidavit paragraphs 24, 25, 26.

I do not have an interest in, use, or possess any real estate in Nebraska, so I do not meet part (1)(e) of the long arm statute. Frost Affidavit paragraph 27. In fact, I have never owned, used, or possessed real estate in Nebraska. Frost Affidavit paragraph 28.

I do not contract to ensure any person, property, or risk located within Nebraska at the time of contracting, so I do not meet part (1)(f) of the long arm statute. Frost

5

Affidavit paragraph 29. In fact, I have never provided insurance contracts to anyone. Frost Affidavit paragraph 30.

I do not have other contact with or maintain any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States, so I do not meet part (2) of the long arm statute. Frost Affidavit paragraph 31.

For at least the above reasons, this court does not have personal jurisdiction over me. Therefore, I request an order dismissing the lawsuit against me under Rule 12(b)(2) of the Nebraska Rules of Pleading in Civil Actions and Rule 12(b) of the Federal Rules of Civil Procedure.

## ADDITIONAL REASONS FOR DISMISSING THE LAWSUIT

If the court does not dismiss the lawsuit against me for lack of jurisdiction over the person, I request that the court dismiss the lawsuit for one of the following reasons.

### IMPROPER VENUE

As noted above, both TPR & Associates, and I are in California and contracted in California. Travel to Nebraska will be very expensive and inconvenient for me. However, the other parties, both Mr. Taper and In-Custody seem to have enough money to hire lawyers for this lawsuit. So, it seems like they would be able to travel to California easier than I could travel to Nebraska for the lawsuit. Finally, according to Mr. Taper's Answer, he is a resident of North Carolina. None of the defendants are residents of Nebraska. Because of this, I think that venue is proper in Southern California, rather than Nebraska.

Therefore, I request that the court dismiss this lawsuit for improper venue under Rule 12(b) of the Federal Rules of Civil Procedure.

### FAILURE TO JOIN A NECESSARY PARTY

As I stated above, I signed a contract with TPR & Associates, Inc., a California corporation. Frost Affidavit exhibit 1. I worked for TPR & Associates, Inc. Because of my contract with TPR & Associates, I was required to assign my rights in the intellectual property to William Taper, the representative of TPR & Associates, Inc. Frost Affidavit paragraph 17.

In paragraph 21, the Complaint states, "The Defendants Taper and Frost both executed confidentiality agreements as hereinabove referenced and have violated said confidentiality agreements in obtaining the patents referred to hereinabove together with benefiting from the misappropriation of the intellectual property of In-Custody (most of which was formerly Clark's intellectual property)."

Because I assigned my rights to the patent application under a contract with TPR & Associates, Inc., I believe that TPR & Associates, Inc. must also be a defendant to this lawsuit. Frost Affidavit paragraph 17 and exhibits 2 and 3. However, TPR & Associates, Inc. is not a defendant to this lawsuit.

Therefore, I also request that the court dismiss the lawsuit under Rule 12(b)(7) of the Nebraska Rules of Pleading in Civil Actions and Rule 12(b) of the Federal Rules of Civil Procedure.

Signed: _____   Date: 9/12/07
Gary S. Frost
9410 Medina Dr.
Santee, California 92071

7

## CERTIFICATE OF SERVICE

I certify that I served GARY S. FROST'S MOTION TO DISMISS on:

Thomas J. Young
Attorney at Law
2433 South 130th Circle
Omaha, NE 68144

Attorney for Plaintiff In-Custody International Corporation

and

Kermit A. Brashear and Scott E. Daniel
Attorneys at Law
711 North 108th Court
Omaha, NE 68154

Attorneys for Defendant William D. Taper

by sending a copy of the document to them by U.S. Mail on September __12__, 2007.

Signed: _____
Gary S. Frost

8

Gary S. Frost
9410 Medina Drive
Santee, CA 92071

12 September 2007

RE: Case No. 8:07-cv-00176-LES-FG3

Clerk of Court
United States District Court, District of Nebraska
111 South 18th Plaza
Suite 1152
Omaha, NE 68102

Dear Sir or Madam

I am requesting that you file the enclosed documents which I am submitting for this case. Enclosed are two sets of three documents. These enclosures are as follows:

1. Affidavit of Gary S. Frost
2. Gary S. Frost's Motion To Dismiss
3. Gary S. Frost's Motion To Extend Time To File An Answer

I do not have an attorney at this time. I believe that sending this documentation to you is the proper way for me to file these motions. If additional copies are required, please inform me of the proper procedure. Thank you for your attention to this matter.

Sincerely

*[signature: Gary S. Frost]*

Gary S. Frost


Enclosures (3 x 2)

RETURN RECEIPT REQUESTED

UNITED STATES POSTAL SERVICE

CALL 1-800-222-1811 FOR PICKUP OR TRACKING OF ALL YOUR PACKAGES

HOW TO USE:
1. COMPLETE L[ABEL]
2. PAYMENT ME[THOD]
3. ATTACH LAB[EL]
4. DROP OFF/P[ICKUP]

The efficient FLAT RATE ENVE[LOPE]

PRESS HARD. YOU ARE MAKING 3 COPIES.

EP-13F February 2002

FOR PICKUP OR TRACKING
Visit WWW.USPS.COM
Call 1-800-222-1811

**ORIGIN (POSTAL SERVICE USE ONLY)**
PO ZIP Code: 92071
Day Accepted: 9/12/07
Time Accepted: 12:21 PM
Flat Rate □ or Weight: 8 oz
Int'l Alpha Country Code
Scheduled Date of Delivery: 9/13
Scheduled Time of Delivery: Noon / 3 PM / Military
Postage: $16.25
Return Receipt Fee: 2.15
COD Fee / Insurance Fee
Total Postage & Fees: $18.40

EB 592703535 US

RETURN RECEIPT REQUESTED

EXPRESS MAIL

UNITED STATES POSTAL SERVICE
DELIVERY (POSTAL USE ONLY)
Delivery Attempt Mo./Day/Time AM/PM Employee Signature
Delivery Attempt Mo./Day/Time AM/PM Employee Signature
Delivery Date Mo./Day/Time AM/PM Employee Signature

CUSTOMER USE ONLY
PAYMENT BY ACCOUNT
Federal Agency Acct. No. or Postal Service Acct. No.

FROM: (PLEASE PRINT) PHONE (619) 749-0575
GARY FROST
9410 MEDINA DR
SANTEE CA 92071

TO: (PLEASE PRINT) PHONE
CLERK OF DISTRICT COURT, US DIST COURT
CASE NO 8:07-CV-00176-LES-FG3
111 SOUTH 18TH PLAZA, NE 1152
OMAHA NE

ZIP+4: 68102+

U.S. POSTAGE PAID
SANTEE, CA
92071
SEP 12, 07
AMOUNT
$18.40
00019310-05

Mailing Label
Label 11-B, March 2004

Post Office To Addressee

This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Express Mail. Misuse may be a violation of federal law.

© USPS 1995