**FILED**
**U.S. DISTRICT COURT**
**DISTRICT OF NEBRASKA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

07 SEP 13 AM 11: 52

OFFICE OF THE CLERK

| | |
|---|---|
| IN-CUSTODY INTERNATIONAL CORPORATION, a Nebraska corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM D. TAPER and GARY S. FROST,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 8:07-cv-00176-LES-FG3<br><br><br><br><br><br>AFFIDAVIT OF GARY S. FROST |

I, Gary S. Frost, hereby state and declare as follows:

1. The statements in this affidavit are true and correct and are based on my own personal knowledge.

2. Attached to this affidavit as exhibit 1 is a copy of my contract with TPR & Associates, Inc., dated 11 July 2000.

3. Attached to this affidavit as exhibit 2 is a copy of invoices numbers 1001 and 1002, from me to TPR Associates Corporation, dated July 23, 2000 and August 6, 2000, respectively.

4. Attached to this affidavit as exhibit 3 is a copy of two documents each titled "Assignment of Patent Rights," which I signed on February 7, 2002 and March 1, 2002, respectively.

5. Attached to this affidavit as exhibit 4 is a copy of an email that I sent to Thomas Young on May 30, 2007, requesting a copy of any contracts between me and In-Custody. Attached to this affidavit as exhibit 5 is a copy of an email that I sent to Thomas Young and Karen Heithoff on June 5, 2007.

1

6.    I am a resident of California.

7.    On May 17, 2007, at the sheriff's request, I went to a local sheriff's office in
      California and was given a copy of document titled "COMPLAINT" from a
      lawsuit filed by In-Custody International, in the District Court of Douglas
      County, Nebraska.

8.    I have been a resident of California since I was born.

9.    I have never been a resident of Nebraska.

10.   I do not have any plans to become a resident of Nebraska.

11.   I have never visited Nebraska for either business or personal reasons.

12.   I do not transact business in Nebraska.

13.   I do not recall ever having transacted business in Nebraska.

14.   I do not contract to supply services or things in Nebraska.

15.   I do not recall ever having contracted to supply services or things in Nebraska.

16.   I signed a contract in California with William Taper of TPR & Associates,
      Inc., to perform work in California as an independent contractor for TPR &
      Associates, a California corporation. See exhibit 1.

17.   In 2002, William Taper informed me that TPR & Associates, Inc. would be
      filing a patent application on the invention I had developed during my work in
      2000. Also in 2002, William Taper and his attorney asked me to review a
      patent application for this invention, determine whether I had invented part of
      the invention, and assign the patent application to William Taper as the
      representative of TPR & Associates, Inc.

2

18.   I do not have any recollection of ever signing a contract with In-Custody
      International Corporation.

19.   I searched my records for any contracts or invoices between me and In-
      Custody International Corporation. I did not locate any such records.

20.   I sent emails to In-Custody International Corporation's attorney, Thomas
      Young, asking for copies of any contracts or agreements between me and In-
      Custody International Corporation. See exhibit 4 and exhibit 5.

21.   Mr. Young did not send me any contracts or agreements. To me, this
      confirms my lack of recollection of ever having a contract or agreement with
      In-Custody International Corporation.

22.   I do not recall ever doing any work for In-Custody International Corporation.

23.   I have not caused tortuous injury by an act or omission in Nebraska. As I
      stated earlier, I have never been in Nebraska.

24.   I have not done or solicited business in Nebraska.

25.   I have not engaged in any persistent course of conduct in Nebraska.

26.   I have not derived substantial revenue from goods used or consumed or
      services rendered in Nebraska.

27.   I do not have an interest in, use, or possess any real estate in Nebraska.

28.   I have never owned, used, or possessed any reals estate in Nebraska.

29.   I do not contract to ensure any person, property, or risk located within
      Nebraska at the time of contracting.

30.   I have never provided insurance contracts to anyone.

3

31.     I do not have other contacts with Nebraska or maintain any other relation to
        Nebraska.

32.     On September 1, 2007, I received a letter from Thomas J. Young, enclosing
        the "Notice of Removal" related to this lawsuit. I had not received the "Notice
        of Removal" before that date. The letter is attached as exhibit 6.

I declare under penalty of perjury that the statements in this affidavit are true and correct.
Executed at Santee, California on September __ /2 ___ 2007.

Signed: _____
        Gary S. Frost
        9410 Medina Dr.
        Santee, California  92071

4

## CERTIFICATE OF SERVICE

I certify that I served AFFIDAVIT OF GARY S. FROST on:

Thomas J. Young
Attorney at Law
2433 South 130th Circle
Omaha, NE 68144

Attorney for Plaintiff In-Custody International Corporation

and

Kermit A. Brashear and Scott E. Daniel
Attorneys at Law
711 North 108th Court
Omaha, NE 68154

Attorneys for Defendant William D. Taper

by sending a copy of the document to them by U.S. Mail on September __12__, 2007.

Signed: _____
Gary S. Frost

EXHIBIT 1

## PROPRIETARY INFORMATION, INVENTIONS AND NON-SOLICITATION AGREEMENT

I recognize that **TPR AND ASSOCIATES INC.,** a California Corporation, together with its subsidiaries and affiliates (collectively, the "Company"), is engaged in a continuous program of research, development and production respecting its business, present and future.

I understand that:

A)      As a part of my employment by the Company, as a for hire consultant, I may make new contributions and inventions of value to the Company.

B)      My employment, as a for hire consultant, creates a relationship of confidence and trust between me and the Company with respect to any information:

    1.      Applicable to the business of the Company, any anticipated business of the Company and research and development being worked on by the Company; or

    2.      Applicable to the business of any client or customer of the Company, which may be made known to me by the Company or by any client or customer of the Company, or learned by me in such context during the period of my employment.

C)      The Company possesses and will continue to possess information and intellectual property that has been created, discovered, developed, or otherwise become known to the Company (including without limitation, my employment by the Company) and /or in which property rights have been assigned or otherwise conveyed to the Company, which information has commercial value in the business in which the Company is or may become engaged. All of the aforementioned information is hereinafter called "Proprietary Information." By way of illustration, but not limitation, Proprietary Information included trade secrets, copyrighted works of authorship, patentable or unpatentable inventions, source codes, inventions, product concepts, techniques, marketing plans, strategies, forecasts, customer lists and information abut the Company's employees and/or consultants (including without limitation, the compensation, job responsibility and job performance of such employees and/or consultants).

D)      This agreement will remain in effect during any time in which I may be retained by the Company as a director or employee.

In consideration of my employment of continued employment, as the case may be, and the compensation received by me from the Company from time to time, I hereby agree a follows:

    1.      Ownership of Proprietary Information.   All Proprietary Information, and intellectual property shall be the sole property of the Company and its assigns, and the Company and its assigns shall be the sole owner of all patents, copyrights and other rights in connection therewith.  I hereby assign to the Company any right I may have or acquire in such Proprietary Information.  At all times, both during my employment by the Company and after its termination, I will keep in confidence and anything directly relating to it without written consent of the Company, except as may be necessary in the ordinary course of performing my duties as an employee or the company and such times, I am free to use (a) information in the public domain not as a result of a breach of this Agreement and (b) my own skill, knowledge, know-how not to include proprietary information and Company trade secrets and experience to whatever extent and in whatever way I wish , in each case consistent with any obligations as an employee of the Company.

    2.      Delivery of Documents and Data.   In the event of the termination of my employment, as a for hire consultant, by me or by the Company for any reason, I will deliver to the Company all documents and data of any nature pertaining to my work with the Company, I will not take with me or deliver to anyone else any documents or data of any description or any reproduction of any description containing or pertaining to any Proprietary Information and I will sign and deliver the "Termination Certification" attached hereto as Exhibit A.

TPR and Associates Inc. Corporation Consultant Non Disclosure Agreement

3.    Disclosure of Inventions.  I will promptly disclose to the Company, or any persons designated by it, all improvements, inventions, designs, ideas, copyrightable works, discoveries, trademarks, copyrights, trade secrets, formulas, processes, techniques, know-how, and data, whether or not patentable, made or conceived or reduced to practice or learned by me, either alone or jointly with others, during the period of my employment (whether or not during normal working hours) which are related to or useful in the actual or anticipated business of the Company, or result from tasks assigned me by the Company or result from use of premises or equipment owned, leased, or contracted by the Company (all said improvements, inventions, designs, ideas, copyrightable works, discoveries, trademarks, copyrights, trade secrets, formulas, processes, techniques, know-how, and data shall be collectively hereinafter called "Inventions").

4.    Assignments of and Assistance on Inventions.  I hereby assign to the Company any rights I may have or acquire in all Inventions and agree that all Inventions shall be the sole property of the Company and its assigns, and the Company and its assigns shall be the sole owner of all patents, copyrights and other rights in connection therewith. I further agree to assist the Company in every proper way (but at the Company's expense) to obtain and from time to time enforce patents, copyrights or other rights on said Inventions in any and all countries, and to that end I will execute all documents for use in applying for obtaining such patents, copyrights or other rights thereon and enforcing same, as the Company may desire, together with any assignments thereof to the Company or persons designated by it. My obligation to assist the Company in obtaining and enforcing patents and copyrights for such Inventions in any and all countries shall continue beyond the termination of my employment, but the Company shall compensate me at a reasonable rate after such termination for time actually spent by me at the Company's request on such assistance.

I acknowledge that all original works of authorship which are made by me (solely or jointly with others) within the scope of my employment and which are prosecutable by copyright are "works made for hire, " as that term is defined in the United States Copyright Act (17 ISCA, Section 101)

This agreement doe not require assignment of an Invention which an employee or consultant cannot be obligated to assign under the California Labor Code. However, I will disclose any Inventions as required by the appropriate Sections hereof in confidence to the Company in order to permit the Company to determine whether or not the Inventions should be the property of the Company.

5.    Prior Inventions.   All improvements, inventions, designs, ideas, copyrightable works, discoveries, trademarks, copyrights, trade secrets, formulas, processes, techniques, know-how and data relevant to the subject matter of my employment by the Company which have been made or conceived or first reduced to practice by me alone or jointly with others prior to my engagement by the Company shall be deemed "Inventions" for the purposes of this Agreement except as set forth on Exhibit A hereto.

6.    No Breach of Duty.  I represent that my performance of all the term of the Agreement and as a for hire consultant of the Company does not, and to the best of my present knowledge and belief, will not breach any Agreement or duty to keep in confidence proprietary information acquired by me in confidence or in trust prior to my employment by the Company. I have not entered into, and I agree I will not enter into, any Agreement either written or oral in conflict herewith. I am not at the present time restricted being employed by the Company or entering into this Agreement.

7.    No Prior Employment Property.  I understand as part of the consideration for the offer of employment extended to me by the Company and of my employment or continued employment by the Company, that I have not bought and will not bring with me to the Company or use in the performance of my responsibilities at the Company any materials, ideas, concepts, know-how to include Company trade secrets or documents of a former employer which are not generally available to the public, unless I or the Company have obtained written authorization from the former employer for their possession and use.

Accordingly, this is to advise the Company that the only materials or documents of a former employer which are not generally available to the public that I will bring to the Company or use in my employment are identified on Exhibit A attached hereto and as to each such item, I have obtained prior to the effective date of my employment without Company written authorization for their possession and use in my employment with the Company.

TPR and Associates Inc. Corporation Consultant Non Disclosure Agreement

I also understand that, in my employment with the Company, I am not to breach any obligation of confidentiality or duty that I have to former employers, and I agree that I shall fulfill all such obligations during my employment with the Company.

9.     Non-Solicitation.  During the term of my employment by the Company, and for twelve months thereafter, I shall not, directly or indirectly, without written prior consent of the Company:

   a)     solicit or induce any employee of the Company to leave the employ of the Company or hire for any purpose any employee of the Company; or

   b)     solicit or accept employment or be retained by any party who at any time during the term of my employment, was a client of Company; or

   c)     solicit or accept the business of any client of the Company.

10.    No Employment Agreement.  I agree that the Company is not by reason of this Agreement obligated to continue me in its employment.

11.    Remedies for Breach.  I agree that any breach of this Agreement by me would cause irreparable damage to the Company and that, in the event of such breach, the Company shall have, in addition to any and all remedies of law, the right to an injunction, specific performance or other equitable relief to prevent or redress the violation of my obligations hereunder.

12.    Separability.  If any provision hereof shall be declared unenforceable for any reason, such unenforceability shall not affect the enforceability of the remaining provisions of this Agreement.  Further, such provision shall be reformed and construed to the extent permitted by law so that it would be valid, legal and enforceable to the maximum extent possible.

13.    Effective Date.  This Agreement shall be effective as of the first day of my employment by the Company.

14.    Assignability.  This Agreement shall be binding upon me, my heirs, executors, assigns, and administrators, shall inure to the benefit of the Company, its successors, and assigns, and shall survive the termination of my employment by the Company, regardless of the manner of such termination.

15.    Entire Agreement.  This Agreement shall be in all respects the entire Agreement between the Company and employee and supersedes all previous written and oral Agreements and communications whether written or oral.

16.    Applicable Law.  This Agreement shall in all respects be governed by, and contained and enforced in accordance with the laws of the State of California.

Dated:_____11 July 2000_____

_____Gary Frost_____
Consultants Name (Please Print)

Consultants Signature

ACCEPTED AND AGREED TO:
TPR AND ASSOCIATES INC. CORPORATION

William D. Taper
CEO and Chairman

TPR and Associates Inc. Corporation Consultant Non Disclosure Agreement

## EXHIBIT A

**TPR and Associates Inc**
3531 Curtis Street
San Diego, CA 92106

1.      The following is a complete list of all inventions or improvements relevant to the subject matter of my employment by you (the "Company") which have been made or conceived or first reduced to practice by me alone or jointly with others prior to my engagement by the Company which shall not be deemed to be "Inventions" for purposes of the foregoing Proprietary Information, Inventions and Non-Solicitation Agreement:

    **X**        No Inventions or Improvements

    _____        See Below

    _____        Additional Sheets Attached

2.      I propose to bring to my employment the following materials and documents to a former employer which are not generally available to the public, which materials and documents are authorized to be used in my employment:

    **X**        No Materials

    _____        See Below

    _____        Additional Sheets Attached

**ACCEPTED AND AGREED TO:**
**TRP and Associates Inc.**

William D. Taper
CEO and Chairman

Consultant                                    Date: 11 JUly 2000

EXHIBIT 2



## GARY FROST

3831 Mesa Vista Way
Bonita, CA 91902-1131
619-479-7707

**Invoice No.**      **1001**

## ═ *INVOICE* ═

### Customer

| | | | |
|---|---|---|---|
| **Name** | TPR Associates Corporation | | |
| **Address** | 3531 Curtis Street | | |
| **City** | San Diego | State CA | ZIP 92106 |
| **Phone** | 619-222-3380 | | |

| | |
|---|---|
| **Date** | 23-Jul-00 |
| **Order No.** | |
| **Rep** | |
| **FOB** | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| 4 | Worked with several file formats of "Redesign" and "Taper Teeth" in an attempt to import & translate into the CAD software I use. Repeated attempts were not sucessful and Don Clark ordered TurboCAD and TurboCAD SM for my use on this project. These two programs are to be surrendered to Don Clark upon completion of the project and/or the end of employment relationship. Installed new software. | $35.00 | $140.00 |
| 0.75 | Telecon from Don Clark on 15 July 2000 | $35.00 | $26.25 |
| 0.75 | Telecon from Don Clark on 22 July 2000 | $35.00 | $26.25 |
| 3 | Worked to understand conceptual design core features. Began to define tasks to be completed. | $65.00 | $195.00 |
| 0.75 | Telecon to Don Clark on 23 July 2000 | $65.00 | $48.75 |
| 5 | Completed task definition. Began construction of gear lock mechanism. | $65.00 | $325.00 |
| | *Note: "Exhibit A" document enclosed with this invoice* | | |

| | | |
|---|---|---|
| | **SubTotal** | $761.25 |
| | **Shipping & Handling** | $0.00 |
| **Taxes** | **State** | |
| | **TOTAL** | $761.25 |

### Payment Details

- ○ Cash
- ● Check
- ○

**Office Use Only**

*Hourly Rates: $35 for general and drafting related work, $65 for Mechanical Engineering related design and review. Two week billing cycle and payment within 5 business days.*



# GARY FROST
3831 Mesa Vista Way
Bonita, CA  91902-1131
619-479-7707

**Invoice No.**           **1002**

## ═ *INVOICE* ═

| Customer | | | |
|---|---|---|---|
| Name | TPR Associates Corporation | | |
| Address | 3531 Curtis Street | | |
| City | San Diego | State CA | ZIP 92106 |
| Phone | 619-222-3380 | | |

| Date | 06-Aug-00 |
|---|---|
| Order No. | |
| Rep | |
| FOB | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| -18.75 | Credit from overpayment of invoice 1001 | $1.00 | ($18.75) |
| 1 | Meeting with Bill Taper. 7/27/00 | $35.00 | $35.00 |
| 2 | Continue along gear design concept. Searched for off the shelf gears and unique keyed locking devices. 7/29/00 | $35.00 | $70.00 |
| 5 | Started design of cuff main body showing ratcheting gears and locking pawl. 7/30/00 | $35.00 | $175.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | *Note: Stop work 7/30/00;18:00 per email from Bill Taper.* | | |

| | | |
|---|---|---|
| | SubTotal | $261.25 |
| | Shipping & Handling | $0.00 |
| Taxes | State | |
| | TOTAL | $261.25 |

| Payment Details | |
|---|---|
| ○ | Cash |
| ◉ | Check |
| ○ | |

**Office Use Only**

*Hourly Rates: $35 for general and drafting related work, $65 for Mechanical Engineering related design and review.  Two week billing cycle and payment within 5 business days.*

EXHIBIT 3

**PATENT**
**AND 01.04.12.1**

## ASSIGNMENT OF PATENT RIGHTS

I, Gary S. Frost, pursuant to 35 USC 261, being first duly sworn, depose and state:

THAT, I am a co-inventor of the invention and/or inventions disclosed and claimed in the application for UNITED STATES LETTERS PATENT entitled **'OPERATING AND LOCKING MECHANISMS FOR HANDCUFFS"** executed on the ⁷ day of February, 2002, and identified by Attorney Docket Number 01.04.12.1:

THAT, I for good and valuable consideration, the receipt of which is hereby acknowledged, promise to bargain and sell, assign, transfer, grant and convey and, by this instrument, do bargain and sell, assign, transfer, grant and convey to William D. Taper, an individual citizen of the United State of America, residing at Southern Pines, North Carolina, his successors and assigns, all of whom are hereinafter jointly and severally referred to as the ASSIGNEE, my entire right, title and interest, for the United States of America and its territorial possessions and for any and all foreign countries, in and to the application identified above, and to the invention and/or inventions disclosed and claimed therein;

THAT this assignment extends to any and all continuations, divisions and/or continuations-in-part of the said application and to any and all LETTERS PATENT or REISSUES thereof which may mature from the said application.

I, without additional consideration, agree to apply for LETTERS PATENT for the above assigned invention whenever the ASSIGNEE shall so request regardless of my status at the time of such request as an independent contractor or as an employee, former employee, agent or consultant of the ASSIGNEE. I agree to assist in the preparation and prosecution of applications for any such LETTERS PATENT, sign any and all appropriate papers, to subscribe to all lawful oaths and to perform all lawful acts required of me by the ASSIGNEE to enable the filing and prosecution of applications for any such LETTERS PATENT in whatever country or countries of the world as may be desired by the ASSIGNEE. I am informed and understand that I shall not be required by the ASSIGNEE to bear any expense whatsoever which is normally and usually associated with the filing and prosecution of any application for LETTERS PATENT which may be prepared and filed pursuant to this assignment.

I still further agree, upon the request and at the expense of the ASSIGNEE, regardless of my status at the time of such request as an independent contractor or as an employee, former employee, agent or consultant of the Assignee, to assist the ASSIGNEE in all proper ways, such as by testifying under oath, in any administrative or judicial proceeding involving the title, infringement, priority, validity or scope of any invention assigned by me pursuant to this assignment.

Page 1 of 2

My current mailing address is:

710 Camino De La Reina, #326
San Diego, California 92108

All statements made herein of my own knowledge are true and all statements made herein
on information and belief are believed to be true. I understand that willful false statements and
the like so made are punishable by fine or imprisonment, or both, (18 USC 1001) and may
jeopardize the validity of the application or any patent issuing thereon.

_____
Gary S. Frost

_2_/_7_/_02_____
Date

STATE OF _CALIFORNIA_ )
                      ) SS.
COUNTY OF _San Diego_)

Before me, the undersigned authority, on this day personally appeared Gary S. Frost,
known by me to be the person whose name is subscribed to the annexed and foregoing
instrument, and such person declared to me that he executed the instrument as his free and
voluntary act and deed for the purposes and in the capacity therein expressed.

Subscribed and acknowledged before me by the said Gary S. Frost this _7_th day of
_Feb_, 2002.

_Susan Jane Rudicill_____
Notary Public

MY COMMISSION EXPIRES:

_1-12-06_____

SUSAN JANE RUDICILL
COMM. # 1334890
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
COMM. EXP. JAN. 12, 2006

Page 2 of 2

PATENT
A.D.N. 01.04.12.1

## ASSIGNMENT OF PATENT RIGHTS

I, Gary S. Frost, pursuant to 35 USC 261, being first duly sworn, depose and state:

THAT I am a co-inventor of the invention and/or inventions disclosed and claimed in the application for UNITED STATES LETTERS PATENT entitled **"OPERATING AND LOCKING MECHANISMS FOR HANDCUFFS"** executed by me on the ___/___ day of ~~February~~, 2002, and identified by Attorney Docket Number 01.04.12.1;  *March*  *ℬℱ.*

THAT I, for good and valuable consideration, the receipt of which is hereby acknowledged, promise to bargain and sell, assign, transfer, grant and convey and, by this instrument, do bargain and sell, assign, transfer, grant and convey to William D. Taper, an individual citizen of the United States of America, residing at Southern Pines, North Carolina, his successors and assigns, all of whom are hereinafter jointly and severally referred to as the ASSIGNEE, my entire right, title and interest, for the United States of America and its territorial possessions and for any and all foreign countries, in and to the application identified above, and to the invention and/or inventions disclosed and claimed therein;

THAT this assignment extends to any and all continuations, divisions and/or continuations-in-part of the said application and to any and all LETTERS PATENT or REISSUES thereof which may mature from the said application.

I, without additional consideration, agree to apply for LETTERS PATENT for the above assigned invention whenever the ASSIGNEE shall so request regardless of my status at the time of such request as an independent contractor or as an employee, former employee, agent or consultant of the ASSIGNEE. I agree to assist in the preparation and prosecution of applications for any such LETTERS PATENT, sign any and all appropriate papers, to subscribe to all lawful oaths and to perform all lawful acts required of me by the ASSIGNEE to enable the filing and prosecution of applications for any such LETTERS PATENT in whatever country or countries of the world as may be desired by the ASSIGNEE. I am informed and understand that I shall not be required by the ASSIGNEE to bear any expense whatsoever which is normally and usually associated with the filing and prosecution of any application for LETTERS PATENT which may be prepared and filed pursuant to this assignment.

I still further agree, upon the request and at the expense of the ASSIGNEE, regardless of my status at the time of such request as an independent contractor or as an employee, former employee, agent or consultant of the Assignee, to assist the ASSIGNEE in all proper ways, such as by testifying under oath, in any administrative or

judicial proceeding involving the title, infringement, priority, validity or scope of any invention assigned by me pursuant to this assignment.

I request, in accordance with 35 USC 152, that any LETTERS PATENT maturing from any application filed pursuant to this assignment be granted to the ASSIGNEE, and that the ASSIGNEE have and enjoy for its own use and behoof, to the full end of the term for which said LETTERS PATENT may be granted, all of the same rights, powers, privileges and immunities associated with such grant as fully and completely as would have been held and enjoyed by me as if this assignment, transfer, grant and conveyance had not been made.

Gary S. Frost

DATE

STATE OF California       )
                          )SS.
COUNTY OF San Diego       )

Before me, the undersigned authority, on this day personally appeared Gary S. Frost, known by me to be the person whose name is subscribed to the annexed and foregoing instrument, and such person declared to me that he executed the instrument as his free and voluntary act and deed for the purposes and in the capacities therein expressed.

Subscribed and acknowledged before me by the said Gary S. Frost this _____ day of _____, 2002.

NOTARY PUBLIC

MY COMMISSION EXPIRES:

_____

(seal)

SUSAN JANE RUDICILL
COMM. # 1334890
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
COMM. EXP. JAN. 12, 2006

EXHIBIT 4

## Gary Frost

| From: | m9410 [m9410@cox.net] |
|---|---|
| Sent: | Wednesday, May 30, 2007 10:11 PM |
| To: | 'tyoung@tconl.com' |
| Subject: | DOC 1070 NO. 045 : In-Custody vs Taper/Frost |

**Attachments:** Emailed to YOUNG on Wednesday, May 30, 2007.pdf

Mr. Young

This is in response to the telephone call we had today (Wed May 30). Attached is the scan of my copy of the document which was signed after the patent application was signed. This relinquished any rights I had over to Mr. Taper.

If you will please send the information regarding the motion to extend, that would be appreciated. I believe you said that I would have to call the court as well and if you can forward a contact phone for the court, this would also allow me to expedite getting this motion to extend into their hands.

If possible, can you send a copy of the contract or NDA that says I was working for In-Custody International? I had 2 invoices to this job and they are both addressed to Taper Associates in California. I know that I had discussions with at least one of the Clarks but I do not believe I ever invoiced the In-Custody company.

Thank you Sir.

Sincerely,

Gary Frost

PATENT
A.D.N. 01.04.12.1

## ASSIGNMENT OF PATENT RIGHTS

I, Gary S. Frost, pursuant to 35 USC 261, being first duly sworn, depose and state:

THAT I am a co-inventor of the invention and/or inventions disclosed and claimed in the application for UNITED STATES LETTERS PATENT entitled "OPERATING AND LOCKING MECHANISMS FOR HANDCUFFS" executed by me on the ___/___ day of February, 2002, and identified by Attorney Docket Number 01.04.12.1;   March 27.

THAT I, for good and valuable consideration, the receipt of which is hereby acknowledged, promise to bargain and sell, assign, transfer, grant and convey and, by this instrument, do bargain and sell, assign, transfer, grant and convey to William D. Taper, an individual citizen of the United States of America, residing at Southern Pines, North Carolina, his successors and assigns, all of whom are hereinafter jointly and severally referred to as the ASSIGNEE, my entire right, title and interest, for the United States of America and its territorial possessions and for any and all foreign countries, in and to the application identified above, and to the invention and/or inventions disclosed and claimed therein;

THAT this assignment extends to any and all continuations, divisions and/or continuations-in-part of the said application and to any and all LETTERS PATENT or REISSUES thereof which may mature from the said application.

I, without additional consideration, agree to apply for LETTERS PATENT for the above assigned invention whenever the ASSIGNEE shall so request regardless of my status at the time of such request as an independent contractor or as an employee, former employee, agent or consultant of the ASSIGNEE. I agree to assist in the preparation and prosecution of applications for any such LETTERS PATENT, sign any and all appropriate papers, to subscribe to all lawful oaths and to perform all lawful acts required of me by the ASSIGNEE to enable the filing and prosecution of applications for any such LETTERS PATENT in whatever country or countries of the world as may be desired by the ASSIGNEE. I am informed and understand that I shall not be required by the ASSIGNEE to bear any expense whatsoever which is normally and usually associated with the filing and prosecution of any application for LETTERS PATENT which may be prepared and filed pursuant to this assignment.

I still further agree, upon the request and at the expense of the ASSIGNEE, regardless of my status at the time of such request as an independent contractor or as an employee, former employee, agent or consultant of the Assignee, to assist the ASSIGNEE in all proper ways, such as by testifying under oath, in any administrative or

judicial proceeding involving the title, infringement, priority, validity or scope of any invention assigned by me pursuant to this assignment.

I request, in accordance with 35 USC 152, that any LETTERS PATENT maturing from any application filed pursuant to this assignment be granted to the ASSIGNEE, and that the ASSIGNEE have and enjoy for its own use and behoof, to the full end of the term for which said LETTERS PATENT may be granted, all of the same rights, powers, privileges and immunities associated with such grant as fully and completely as would have been held and enjoyed by me as if this assignment, transfer, grant and conveyance had not been made.

_Gary S. Frost_
Gary S. Frost

_March 1, 2002_
DATE

STATE OF California    )
                  )SS.
COUNTY OF San Diego  )

Before me, the undersigned authority, on this day personally appeared Gary S. Frost, known by me to be the person whose name is subscribed to the annexed and foregoing instrument, and such person declared to me that he executed the instrument as his free and voluntary act and deed for the purposes and in the capacities therein expressed.

Subscribed and acknowledged before me by the said Gary S. Frost
this _14_ day of _March_, 2002.

_Susan Jane Rudicill_
NOTARY PUBLIC

MY COMMISSION EXPIRES:

_1-12-06_
(seal)

SUSAN JANE RUDICILL
COMM. # 1334690
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
COMM. EXP. JAN. 12, 2006

PATENT
A.D.N. 01.04.12.1

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

### POWER OF ATTORNEY

Please recognize Thomas R. Weaver, Registration No. 25,813, as Principal Attorney to represent the undersigned before the United States Patent and Trademark Office and to transact all business in the Patent and Trademark Office pertaining to the application for United States Letters Patent entitled "OPERATING AND LOCKING MECHANISMS FOR HANDCUFFS" the oath of which was executed by the undersigned on the ___ day of February 2002, and which is further identified by Attorney Docket No. 01.04.12.1.                    March    17

The powers granted herein to the above identified Principal Attorney by the undersigned include, but are not limited to:

The right to receive and respond to all notices, official letters and other communications from the Patent and Trademark Office which relate to the application and to any LETTERS PATENT maturing therefrom;

The right to appear in person and to execute all papers in practice before the Patent and Trademark Office in matters pertaining to the application and to any and all Letters Patent maturing therefrom;

The right to examine and review all papers in the files of the Patent and Trademark Office pertaining to the application and to any LETTERS PATENT maturing therefrom which could be examined and reviewed by the undersigned; and

The right to appoint associate attorneys.

Please direct all correspondence to:

> THOMAS R. WEAVER
> ATTORNEY-AT-LAW
> P.O. BOX 1405
> DUNCAN, OKLAHOMA 73534

> TELEPHONE (580) 255-6911

If the Commissioner should desire to correspond directly with the undersigned, then such correspondence should be directed to:

> Gary S. Frost
> 710 Camino De La Reina, #326
> San Diego, California 92108

> Telephone (858) 503-3408

Very truly yours,

Gary S. Frost

EXHIBIT 5

## Gary Frost

| | |
|---|---|
| **From:** | m9410 [m9410@cox.net] |
| **Sent:** | Tuesday, June 05, 2007 12:20 PM |
| **To:** | 'kheithoff@tconl.com' |
| **Cc:** | 'tyoung@tconl.com' |
| **Subject:** | FW: DOC 1070 NO. 045 : In-Custody vs Taper/Frost |
| **Attachments:** | Emailed to YOUNG on Wednesday, May 30, 2007.pdf |

Ms Heithoff

Thank you for your response. Below is the original email I sent late on the 30th. I suppose spam filters, etc can sometimes delete emails so I will copy both you and Mr. Young on this forward. I will print this as well and fax it to your office in the event that my emails are not getting thru.

Thank you again.

Gary Frost

**From:** m9410 [mailto:m9410@cox.net]
**Sent:** Wednesday, May 30, 2007 10:11 PM
**To:** 'tyoung@tconl.com'
**Subject:** DOC 1070 NO. 045 : In-Custody vs Taper/Frost

Mr. Young

This is in response to the telephone call we had today (Wed May 30). Attached is the scan of my copy of the document which was signed after the patent application was signed. This relinquished any rights I had over to Mr. Taper.

If you will please send the information regarding the motion to extend, that would be appreciated. I believe you said that I would have to call the court as well and if you can forward a contact phone for the court, this would also allow me to expedite getting this motion to extend into their hands.

If possible, can you send a copy of the contract or NDA that says I was working for In-Custody International? I had 2 invoices to this job and they are both addressed to Taper Associates in California. I know that I had discussions with at least one of the Clarks but I do not believe I ever invoiced the In-Custody company.

Thank you Sir.

Sincerely,

Gary Frost

9/11/2007

PATENT
A.D.N. 01.04.12.1

## ASSIGNMENT OF PATENT RIGHTS

I, Gary S. Frost, pursuant to 35 USC 261, being first duly sworn, depose and state:

THAT I am a co-inventor of the invention and/or inventions disclosed and claimed in the application for UNITED STATES LETTERS PATENT entitled "OPERATING AND LOCKING MECHANISMS FOR HANDCUFFS" executed by me on the ____ day of February, 2002, and identified by Attorney Docket Number 01.04.12.1;    *March* 3. 3.

THAT I, for good and valuable consideration, the receipt of which is hereby acknowledged, promise to bargain and sell, assign, transfer, grant and convey and, by this instrument, do bargain and sell, assign, transfer, grant and convey to William D. Taper, an individual citizen of the United States of America, residing at Southern Pines, North Carolina, his successors and assigns, all of whom are hereinafter jointly and severally referred to as the ASSIGNEE, my entire right, title and interest, for the United States of America and its territorial possessions and for any and all foreign countries, in and to the application identified above, and to the invention and/or inventions disclosed and claimed therein;

THAT this assignment extends to any and all continuations, divisions and/or continuations-in-part of the said application and to any and all LETTERS PATENT or REISSUES thereof which may mature from the said application.

I, without additional consideration, agree to apply for LETTERS PATENT for the above assigned invention whenever the ASSIGNEE shall so request regardless of my status at the time of such request as an independent contractor or as an employee, former employee, agent or consultant of the ASSIGNEE. I agree to assist in the preparation and prosecution of applications for any such LETTERS PATENT, sign any and all appropriate papers, to subscribe to all lawful oaths and to perform all lawful acts required of me by the ASSIGNEE to enable the filing and prosecution of applications for any such LETTERS PATENT in whatever country or countries of the world as may be desired by the ASSIGNEE. I am informed and understand that I shall not be required by the ASSIGNEE to bear any expense whatsoever which is normally and usually associated with the filing and prosecution of any application for LETTERS PATENT which may be prepared and filed pursuant to this assignment.

I still further agree, upon the request and at the expense of the ASSIGNEE, regardless of my status at the time of such request as an independent contractor or as an employee, former employee, agent or consultant of the Assignee, to assist the ASSIGNEE in all proper ways, such as by testifying under oath, in any administrative or

judicial proceeding involving the title, infringement, priority, validity or scope of any invention assigned by me pursuant to this assignment.

I request, in accordance with 35 USC 152, that any LETTERS PATENT maturing from any application filed pursuant to this assignment be granted to the ASSIGNEE, and that the ASSIGNEE have and enjoy for its own use and behoof, to the full end of the term for which said LETTERS PATENT may be granted, all of the same rights, powers, privileges and immunities associated with such grant as fully and completely as would have been held and enjoyed by me as if this assignment, transfer, grant and conveyance had not been made.

_____
Gary S. Frost

_____
DATE

STATE OF California        )
                           )SS.
COUNTY OF San Diego        )

Before me, the undersigned authority, on this day personally appeared Gary S. Frost, known by me to be the person whose name is subscribed to the annexed and foregoing instrument, and such person declared to me that he executed the instrument as his free and voluntary act and deed for the purposes and in the capacities therein expressed.

Subscribed and acknowledged before me by the said Gary S. Frost this ____ day of _____, 2002.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

_1-12-06_____
(seal)

**PATENT**
**A.D.N. 01.04.12.1**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

### POWER OF ATTORNEY

Please recognize Thomas R. Weaver, Registration No. 25,613, as Principal Attorney to represent the undersigned before the United States Patent and Trademark Office and to transact all business in the Patent and Trademark Office pertaining to the application for United States Letters Patent entitled "OPERATING AND LOCKING MECHANISMS FOR HANDCUFFS" the oath of which was executed by the undersigned on the ___ day of February 2002, and which is further identified by Attorney Docket No. 01.04.12.1.  March   #3

The powers granted herein to the above identified Principal Attorney by the undersigned include, but are not limited to:

The right to receive and respond to all notices, official letters and other communications from the Patent and Trademark Office which relate to the application and to any LETTERS PATENT maturing therefrom;

The right to appear in person and to execute all papers in practice before the Patent and Trademark Office in matters pertaining to the application and to any and all Letters Patent maturing therefrom;

The right to examine and review all papers in the files of the Patent and Trademark Office pertaining to the application and to any LETTERS PATENT maturing therefrom which could be examined and reviewed by the undersigned; and

The right to appoint associate attorneys.

Please direct all correspondence to:

> THOMAS R. WEAVER
> ATTORNEY-AT-LAW
> P.O. BOX 1405
> DUNCAN, OKLAHOMA 73534

TELEPHONE (580) 255-6911

If the Commissioner should desire to correspond directly with the undersigned, then such correspondence should be directed to:

> Gary S. Frost
> 710 Camino De La Reina, #326
> San Diego, California 92108

Telephone (858) 503-3408

Very truly yours,

Gary S. Frost

EXHIBIT 6

*Law Offices*
**THOMAS J. YOUNG**

2433 South 130th Circle
Omaha, Nebraska 68144
Tel: (402) 330-3700
Fax: (402) 330-9763
E-Mail: tyoung@tconl.com

August 29, 2007

Mr. Gary S. Frost
9410 Medina Drive
Santee CA 92071

Re:    In-Custody International Corporation vs. Taper, et al.

Dear Mr. Frost:

As I believe you are now aware, the litigation involving In-Custody International, Mr. Taper and you is presently pending in the United States District Court for the District of Nebraska. In this regard I believe I have finally been successful in having all documents which have been filed in the state district court subsequent to the removal by Mr. Taper of the case to federal court being transferred to the federal court for incorporation in that court's file. Hence, I believe your previously filed motion to dismiss in state district court is now part of the court file in federal district court. How and if the federal district court will address your motion to dismiss I am not knowledgeable.

In reviewing the file, I note that it appears that Mr. Taper's counsel did not provide you with a copy of the pleadings which transferred this matter to federal court. I am enclosing a copy of those documents for your information.

Earlier this week the federal district court, by electronic communication, advised all parties as to their obligations to meet and confer pursuant to the federal rules of civil procedures. The Court also provided a form for the report of the parties' planning conference which provides an outline of the report which is required to be filed with the federal district court. Copies of these documents are enclosed for your information.

Upon your receipt of this communication, I am requesting that you or your attorney contact me to move forward and meet and confer in order that a report can be submitted to the Court. I am quite sure that Mr. Daniel and I would be more than happy to make arrangements for a telephone conference with you to address the issues and matters outlined

Mr. Scott S. Frost
August 29, 2007
Page Two

in the Court's form report enclosed herewith. Please contact me upon your receipt of this communication to attempt to arrange for such a telephone conference. If you are more comfortable contacting Mr. Taper's attorney, Mr. Scott E. Daniel, please contact him at (402) 348-1000.

By copy of this communication to Mr. Daniel, I am advising him as to my communication with you.

Sincerely,

Thomas J. Young

TJY/kk
Enclosures
c: Mr. Scott E. Daniel