IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN-CUSTODY INTERNATIONAL CORPORATION, a Nebraska corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:07CV176 |
| v. | ) ) | |
| WILLIAM D. TAPER, | ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) ) | |

This matter is before the Court on: (1) defendant's motion for voluntary dismissal of counterclaim (Filing No. 65); (2) defendant's motion for summary judgment (Filing No. 73); and (3) plaintiff's motion for partial summary judgment (Filing No. 79). Having reviewed the motions, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds all three motions should be denied for the reasons stated below.

Defendant seeks a voluntary dismissal of his counterclaim against plaintiff without prejudice. In his counterclaim, defendant claims plaintiff wrongfully and tortuously interfered in defendant's business opportunities, business relationships and potential contractual relationships by making demands for cessation of business, threatening litigation, and filing an action against him (Filing No. 41). Plaintiff opposes dismissal without prejudice, arguing that defendant's counterclaim is compulsory under Fed. R. Civ. P. 13(a), and

would, therefore, be barred in any future litigation.  In his brief in support of summary judgment, defendant argues, without citation to legal authority, that his counterclaim is not compulsory because the damages he seeks "are ongoing and constitute continuing and escalating claims into the future" (Filing No. 74 at 31).  Defendant asserts that he intends to go forward with his counterclaim at trial if the Court does not grant his motion to voluntarily dismiss the claim without prejudice (*Id.*).

Under Rule 13(a), a counterclaim is compulsory if it: "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a).  "A party that does not assert a compulsory counterclaim waives its right to bring the counterclaim and is forever barred from asserting that claim in future litigation."  *Schinzing v. Mid-States Stainless, Inc.* 415 F.3d 807, 813 (8th Cir. 2005) (citing *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003)).  The Court agrees with plaintiff that defendant's counterclaim for tortuous interference with business opportunities is compulsory in this case.  The claim clearly arises out of the same transaction or occurrence, and resolution

of the counterclaim would necessarily involve the same parties, facts, and witnesses.

There are four exceptions to the general rule, wherein a party may assert a compulsory counterclaim in a future proceeding: (1) a "party need not assert a counterclaim that has not matured at the time he serves his pleading;" (2) "a counterclaim is not compulsory if 'the presence of third parties of whom the court cannot acquire jurisdiction, is required for its adjudication;" (3) "a counterclaim is not compulsory if at the time the action is commenced, the counterclaim is 'the subject of another pending action;'" and (4) "a counterclaim is not compulsory if 'the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment of that claim, and the pleader is not stating any counterclaim under this Rule 13.'"  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1411 (quoting Fed. R. Civ. P. 13).  The only one of these exceptions that could potentially apply in this case is that a "party need not assert a counterclaim that has not matured at the time he serves his pleading." *Id.*  The Court, however, finds this exception does not apply because defendant sought and obtained leave to file his counterclaim after his initial pleading. *See Id.* (stating "However, if a party should acquire a matured counterclaim after having pleaded, Rule 13(e)

provides that he may obtain the court's permission to include it in a supplemental pleading under Rule 15(d). Presumably any counterclaim that is interposed in this fashion will be treated as if it were compulsory . . . .") defendant's motion for voluntary dismissal of counterclaim without prejudice will be denied.

Next, defendant seeks summary judgment in his favor as to all claims against him. The standard or review for summary judgment motions is familiar; summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). Having reviewed the parties' briefs and indices of evidence, the Court finds there are numerous issues of material fact which preclude summary judgment; thus defendant's motion should be denied.

Plaintiff similarly seeks summary judgment as to its first claim against defendant for breach of fiduciary duties and as to its third claim for tortuous interference with business expectancy. The same material issues of fact that precluded summary judgment on defendant's motion similarly preclude summary judgment on plaintiff's motion. Accordingly,

IT IS ORDERED:

1) Defendant's motion for voluntary dismissal of counterclaim (Filing No. 65) is denied;

2) Defendant's motion for summary judgment (Filing No. 73) is denied; and

3) Plaintiff's motion for partial summary judgment (Filing No. 79) is denied.

DATED this 22nd day of July, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court